## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

KAYNOR STEPHEN MURITOK,
*aka* **Kaylor Muritok**
DOB: 02/20/1998 or 02/20/1997
    or 08/09/1997

Defendant.

) CRIMINAL CASE NO. **CF0146-25**
) GPD Report Nos. 25-05019/25-05021
)
)
)
)
)
)
) **DECISION & ORDER**
) **RE. DEFENDANT KAYNOR**
) **MURITOK'S MOTION TO SUPPRESS**
)
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on August 19, 2025, for a Motion Hearing. Defendant Kaynor Stephen Muritok ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). At the Motion Hearing, the court addressed several pre-trial motions filed by the Defendant, namely a Motion to Suppress. Following the hearing, the court took this motion under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** Defendant Kaynor Muritok's Motion to Suppress.

## BACKGROUND

On March 7, 2025, Defendant Kaynor Muritok was charged with CRIMINAL MISCHIEF (As a 3rd Degree Felony) and ASSAULT (As a Misdemeanor). *See* Indictment (Mar. 7, 2025).

Although the People of Guam subsequently filed a Superseding Indictment on May 6, 2025, the Defendant was charged with the same offenses as the original Indictment. *See* Superseding Indictment (May 6, 2025).

On May 12, 2025, the Defendant also filed a Motion to Suppress Evidence ("Motion to Suppress"). The People subsequently filed its Opposition to Defendant Kaynor Muritok's Motion to Suppress Evidence ("Opposition") on May 27, 2025. In response, the Defendant filed his Reply to the People's Opposition to Defendant Kaynor Muritok's Motion to Suppress Evidence ("Reply") on June 2, 2025. The People later filed a Motion for Leave of Court to file a Surreply to the Defendant's Reply on June 3, 2025.

In seeking the suppression of the pre-trial identification procedures for this case, the Defendant states that Office of the Attorney General of Guam Investigator Maria Apuron ("OAG Investigator Apuron") presented the Victims with the mug shots of the four defendants in this case and no others. *See* Def.'s Mot. Suppress (May 12, 2025).[1] In response, the People oppose that this pre-trial identification procedure was unduly suggestive, considering that the Victims first pointed out the four defendants to police officers at the scene of the alleged incident. *See* Ppl.'s Opp'n (May 27, 2025). In his Reply, the Defendant argues that the identification was impermissibly suggestive as it led the People to file a Superseding Indictment in this case. *See* Def.'s Reply (June 2, 2025).

At the Motion Hearing on August 19, 2025, the court addressed all the Defendant's pre-trial motions, including the Motion to Suppress. Notably, OAG Investigator Apuron testified regarding the pre-trial identification procedures at issue. *See generally* Mot. Hr'g Mins. at

---

[1] The named victims in this case are Kiwva Kousch and Dona Kawaichy. Therefore, the court will collectively refer to them as "Victims.

11:31:00AM – 12:15:50PM (Aug. 19, 2025). Upon hearing her testimony and the parties' arguments, the court took the matter under advisement. *Id.* at 12:41:09 – 41:38PM.

## DISCUSSION

The Defendant seeks to suppress "any identification of Mr. Muritok made by the accusers in this case" as unduly suggestive and a violation of his due process rights. Def.'s Mot. Suppress at 1 – 2. The Organic Act of Guam guarantees that "[n]o person shall be deprived of life, liberty, or property without due process of law." 48 U.S.C.A. § 1421b(e).

"[T] admissibility of an out-of-court identification turns on whether the procedure 'was so impermissibly suggestive as to give right to a very substantial likelihood of irreparable misidentification.'" *People v. Diego*, 2013 Guam 15 ¶ 16 (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)). The court must look at "whether 'under the totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." *Id.* (quoting *Neil v. Biggers*, 409 U.S. 188, 199 (1972)). Before determining whether totality of the circumstances render the identification reliable in spite of the suggestiveness, the court must first determine whether the out-of-court identification Defendant Muritok was impermissibly suggestive.

**A. The Victims' identification of Defendant Muritok on February 24, 2025, was not impermissibly suggestive.**

"To determine whether an identification procedure is impermissibly suggestive . . . [t]he factors we consider in evaluating the likelihood of misidentification include: (1) the witness's opportunity to view the criminal at the time of crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." *United States v. Jones*, 84 F.3d 1206, 1209 – 10 (9th Cir. 1996) (citing *Biggers*,

409 U.S. at 199 – 200; *see also United States v. Matta-Ballesteros*, 71 F.3d 754, 769 (9th Cir. 1995)).

As mentioned above, the Defendant moves to suppress *any* pre-trial identification of the Defendant as a violation of the Defendant's due process rights. In its Opposition, the People state that the Victims' personal involvement as such support their opportunity to view the Defendant at the time of the incident and their degree of attention. *See* Ppl.'s Opp'n at 4. As to the third and fourth factors, the People reference the Victims' statement that "'they were familiar with the four men, who often sat on the sidewalk near their apartment unit drinking' and Kousch 'had asked [the four men] to be quiet the previous night because their children were sleeping.'" *Id.* Lastly, the length of time between the crime and confrontation is based on the Victims' pointing out all the defendants to police while at the scene. *Id.*

Upon review of the parties' arguments and the Affidavit of Probable Cause, the Victims' identification was not the subject of any suggestiveness by police; nothing to the contrary was provided for the court's consideration. Rather, it appears that the Victims' previous familiarity with the Defendant on other occasions was voluntary and led them to point out the Defendant and his co-actors on the night of the alleged incident. Therefore, the court finds that the Victims' pre-trial identification of the Defendant on February 24, 2025, was not impermissibly suggestive.

### B. The Victims' identification of Defendant Muritok on May 1, 2025, was not impermissibly suggestive.

The Defendant argues that OAG Investigator Apuron's pre-trial identification procedure – only presenting the mug shots of the four defendants in this case – was unduly suggestive and a violation of his due process rights.

\\

\\

At the Motion Hearing, OAG Investigator Apuron made the following record relating to her presentation of all four defendants' mug shots during the May 1, 2025, interview with the Victims:

QUITUGUA: Why did you show them the mug shots?

APURON: I was there for confirmation on which twin was actually brandishing the firearm or the weapon. However, she also saw the other photos of the other defendants, and identified them by name.[2]

QUITUGUA: I'm not sure I'm fully understanding this. So, you were trying to distinguish the two twins? Is that right?

APURON: Yes.

QUITUGUA: Okay. But the two twins had already been distinguished in the police report, right? They had already been determined who was doing what, correct?

APURON: According to the female victim, she did not identify them by name. But she could identify as to what they were wearing; who was brandishing what weapon.

QUITUGUA: And that was as to the twins, right?

APURON: Yes.

QUITUGUA: But you didn't just show them the twins' mug shots, did you? You showed them all four defendants.

APURON: I did.

QUITUGUA: Why did you show them all four defendants?

APURON: The victim Ms. Dona Kawaichy, was referring to one of the twins wearing a red shirt. And Mr. Kaynor was also wearing a red shirt. However, there was like a dark color on the shoulder on top of his shirt.

Mot. Hr'g Mins. at 12:03:01 – 04:25PM.

---

[2] In this case, the Defendant's co-actors Narson Marsian and Marson Alwis are the twins OAG Investigator Apuron references during her testimony.

The Defendant argued that an identification based purely on the mug shots is unduly suggestive here. *See* Mot. Hr'g Mins. at 12:32:50 – 32:56PM. When determining the suggestiveness of this identification under *Jones*, both Victims initially identified all the Defendant on the night of the incident; despite the Defendant's assertion that their identification of the Defendant was purely based on mug shots. *See* Amended Magistrate's Compl. at 2. Unlike an initial identification that occurred in *Simmons* where the suspect was still at large, the victim's initial identification of the Defendant took place on the night of the Defendant's arrest. Although she conducted this interview using all four mug shots to distinguish which twin was brandishing a weapon, Apuron testified that one of the Victims voluntarily identified the Defendant again when she saw his mug shot. By the time of the Victims' identification on May 1, 2025, the Defendant had already been arraigned as of March 27, 2025; and again, on May 15, 2025, after the People filed a Superseding Indictment. As mentioned above, the charges against this Defendant in the Superseding Indictment remained the same as the charges in the original Indictment.

Based on the totality of the circumstances, the court finds that neither of the Victims' pre-trial identifications were so impermissibly suggestive such that there would be a substantial likelihood of irreparable misidentification.

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons stated above, the court hereby **DENIES** Defendant Kaynor Muritok's Motion to Suppress.

**SO ORDERED** this ___NOV 1 3 2025___ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

. acknowledge that an electronic
Copy of the original was e mailed to

*AG, H. Quitugua*

Date *11/13/25* Time. *9:45am*

*Albert Cruz*

Deputy clerk , Superior Court of Guam